IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MARY TERESA ALLEN,

Plaintiff

v.

BSH HOME APPLIANCES CORPORATION,

Defendant.

## COMPLAINT

COMES NOW, Plaintiff Mary Teresa Allen, by and through her attorneys, William J. Hunsaker, P.C., and for her Complaint against the above-captioned Defendant states and alleges as follows:

## I. PARTIES

1. Plaintiff Mary Teresa Allen, hereinafter referred to as "Plaintiff", is an individual whose residence address is 8172 E. 132nd Avenue, Thornton, Colorado 80602.

2. Defendant BSH Home Appliances Corporation, hereinafter referred to as "Defendant", is a foreign corporation in good standing in the State of Colorado with a principal street address of 5551 McFadden Avenue, Huntington Beach, California 92649 and has an office/ showroom 11220 East 53rd Avenue, Suite 100, Denver, Colorado 80239.

3. Defendant has for its registered agent the Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado 80202.

1

4.  Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA") in connection with Defendant's violation of its statutory obligations to pay overtime wages to all non-exempt employees for work in excess of 40 hours per week.

5.  Plaintiff also brings this action under Colorado's overtime statute and regulations. More specifically, Plaintiff asserts that she is entitled to unpaid overtime wages for her work beyond 40 hours per week pursuant to The Colorado Wage Act (Colo. Rev. Stat. §8-4-101 *et seq.*), the Colorado Minimum Wage Orders promulgated under the authority vested by Title 8, Articles 1, 4, 6, and 12 C.R.S., the Colorado Constitution, and the Code of Colorado Regulations including, but not limited to 7 CCR 1101, *et. seq.*

6.  Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed widespread violations of the above-described federal and state statutes governing overtime pay to all non-exempt employees for overtime hours worked in excess of 40 hours per week at a rate of 1.5 times their regular rate of pay. Plaintiff is seeking unpaid commissions, unpaid overtime compensation, an equal amount of liquidated damages and/or prejudgment interest, attorney's fees and costs pursuant to 29 U.S.C. §216(b) and Colo. Rev. Stat. §8-4-101 *et seq.*

## II. JURISDICTION AND VENUE

7.  The conduct of the Defendant which is the subject matter of this lawsuit occurred in the State of Colorado.

8.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a Federal Statute. As to

claims under Colorado State law, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

9. This court has subject matter jurisdiction over all claims asserted herein based on the amount in controversy pursuant to 28 U.S.C. §1332. The amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

10. Venue is proper pursuant to 28 U.S.C. §1391(c) since the Defendant is located in the State of Colorado.

11. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

12. The Plaintiff has met any and all administrative prerequisites to the filing of this action.

### III. FACTUAL ALLEGATIONS

13. Plaintiff incorporates herein by reference the allegations of Paragraphs 1-12 inclusive of her Complaint as though fully set forth herein.

14. Defendant is engaged in the manufacturing and distribution of home appliances and is one of the leading companies in this industry worldwide.

15. Defendant is a wholly owned subsidiary of BSH Bosch and Siemens Home Appliances Group based in Munich, Germany.

16. Plaintiff began working for Defendant in or around July 2006 as a Regional Builder Sales Manager covering the State of Colorado.

17. At all times material hereto, Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d) and Colo. Rev. Stat. §8-4-101(5).

18. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. §203(e)(1) and Colo. Rev. Stat. §8-4-101(4).

19. Defendant directly hired Plaintiff and controlled Plaintiff's work schedule and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding her employment.

20. Upon information and belief, Defendant has never posted a notice explaining the overtime pay rights provided by FLSA in any area where Plaintiff is employed, in violation of 29 C.F.R. §516.4.

21. Defendant employed Plaintiff as a Regional Builder Sales Manager covering the State of Colorado from approximately July 2006 to October 23, 2008 at a base salary in excess of $95,000.00 per annum.

22. As a Regional Builder Sales Manager, Plaintiff was engaged exclusively in growing Defendant's business, responsible for doing all quotes in Colorado with the approval of senior management, and attend all trade partner and home builder and manufacturer functions, among other responsibilities.

23. As a Regional Builder Sales Manager, Plaintiff did not customarily and regularly exercise any judgment or discretionary powers with respect to Defendant's sales and/or business matters of significance.

24. As a Regional Builder Sales Manager, Plaintiff was required to seek approval from senior management and was under direct and constant supervision.

25. Defendant intentionally and knowingly treated Plaintiff, as a Regional Builder Sales Manager, as exempt under § 213(a) of the FLSA, from the statute's overtime pay requirements.

26. Defendant intentionally and knowingly treated Plaintiff, as a Regional Builder Sales Manager, as exempt under 7 CCR 1103-1 et *seq.*

27. Plaintiff, a Regional Builder Sales Manager, did not perform job duties and functions which would qualify her as an exempt employee, as defined by the applicable Federal and State regulations.

28. During her employment with Defendant Plaintiff was on call 24/7 and worked an average of 85-100 hours per week and was expected to do so by Defendant.

29. During her employment, Plaintiff was frequently required to work weekends and travel out of town for several days at a time.

30. During her employment, Plaintiff was never paid any overtime wages by Defendant.

31. In her capacity as a Regional Builder Sales Manager, Plaintiff was encouraged, instructed and required by Defendant to work in the manner described above.

32. Defendant knowingly and intentionally refused to pay Plaintiff for hours she worked over forty (40) per week at a rate of one-and-one half times her regular rate of pay.

33. Defendant's failure to pay Plaintiff overtime compensation, as above described, in violation of federal and state laws has been willful and was not the result of a good faith contest or dispute.

## IV. FIRST CLAIM FOR RELIEF (FLSA)

34. Plaintiff incorporates herein by reference the allegations of Paragraphs 1-33 inclusive of her Complaint as though fully set forth herein.

35. Defendant has willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying Plaintiff, in her capacity as a Regional Builder Sales Manager, as "exempt" and/or simply failing and refusing to pay Plaintiff overtime wages during her employment in the State of Colorado.

36. Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

37. By reason of these unlawful acts, Defendant has deprived Plaintiff of overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## V. SECOND CLAIM FOR RELIEF (COLORADO LAW)

38. Plaintiff incorporates herein by reference the allegations of Paragraphs 1-37 inclusive of her Complaint as though fully set forth herein.

39. Defendant has willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of Colo. Rev. Stat. §8-4-101 *et seq.*, 7 CCR 1101, *et. seq*, more particularly 7 CCR 1103-1, as detailed herein, by misclassifying Plaintiff, in her capacity as a Regional Builder Sales Manager as "exempt" and/or simply failing and refusing to pay Plaintiff any overtime compensation while employed by Defendant in Colorado.

40. By reason of these unlawful acts, Defendant has deprived Plaintiff overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to Title 8, Colo. Rev. Stat.

## VI. THIRD CLAIM FOR RELIEF (UNJUST ENRICHMENT)

41. Plaintiff incorporates herein by reference the allegations of Paragraphs 1-40 inclusive of her Complaint as though fully set forth herein.

42. Defendant has been unjustly enriched by wrongfully and unlawfully denying and depriving Plaintiff from rightly receiving overtime wages and other benefits directly relating thereto, including social security and pension.

43. Under principles of fairness and equity, Defendant must disgorge all illegally withheld overtime wages, together with interest accruing thereupon and other benefits directly relating thereto, including corresponding amounts to fund social security and pension that would have been applicable if the correct amount of overtime wages had been paid in the first instance, as required by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mary Teresa Allen, prays for judgment against Defendant BSH Home Appliances Corporation upon each claim for relief asserted herein, including and without limitation:

(a) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* and attendant regulations at 29 C.F.R. § 516 *et. seq.*; the Colorado Wage Act (Colo. Rev. Stat. §8-4-101 *et seq.*), the Colorado Minimum Wage Orders promulgated under the authority vested by Title 8, Articles 1, 4, 6, and 12 C.R.S., the Colorado Constitution, and the Code of Colorado Regulations including, but not limited to 7 CCR 1101, *et. seq.* and Colorado common law principles.

(b) Judgment for overtime pay to which Plaintiff is lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, and attendant regulations at 29 C.F.R. § 516 *et. seq.*, the Colorado Wage Act (Colo. Rev. Stat. §8-4-101 *et seq.*), the Colorado Minimum Wage Orders promulgated under the authority vested by Title 8, Articles 1, 4, 6, and 12 C.R.S., the Colorado Constitution, and the Code of Colorado Regulations including, but not limited to 7 CCR 1101, *et. seq.* and Colorado common law principles.

(c) Money judgment for all economic losses, including damages for unpaid income, lost past, present, and future income, lost cost of living adjustments, lost benefits of employment, back pay, attorneys fees, and other damages including tax enhancement damages from the time of her application to the date of the verdict sufficient to afford Plaintiff the benefit of her bargains with Defendant and to make her whole from and against all breaches of duties owed by Defendant to Plaintiff;

(d) An award of noneconomic damages, if available, for emotional distress, severe emotional distress, loss of enjoyment of property and life, physical injury and sickness;

(e) Punitive damages, if available, for all claims allowed by law sufficient to punish Defendant and to deter similar conduct by them and others in the future;

(f) Any other statutory remedies and all other relief authorized by applicable law;

(g) An award of reasonable attorney fees, all costs, including expert witness fees, and expenses incurred in this action;

(h) Prejudgment or moratory interest in accordance with law; and

(i) Such other and further relief as the Court deems just and proper under the circumstances.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**DATED** this 5th day of March 2010.

                Respectfully submitted,

                WILLIAM J. HUNSAKER, P.C.

                By: _____
                Donald T. Emmi, Atty. No. 38983
                4465 Kipling Street, Suite 200
                Wheat Ridge, Colorado 80033
                Donnie@emmilawfirm.com
                Tel: 303-456-5116
                Fax: 303-421-4309

<u>Plaintiff's Address:</u>

Mary T. Allen
8172 E. 132nd Avenue
Thornton, Colorado 80602